IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:          HILLSIDE BAPTIST CHURCH, INC.     CASE NO. 09-51541 NPO
                                                  (CHAPTER 11)

**EVANGELICAL CHRISTIAN CREDIT UNION'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT AND/OR ADEQUATE PROTECTION**

Evangelical Christian Credit Union ("ECCU"), by and through its counsel, moves this Court for relief under §§ 362, 361 and 363 of the Bankruptcy Code, and in support of same, presents as follows:

1. On July 22, 2009, (the "petition date"), Hillside Baptist Church, Inc. (the "Debtor") filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division. No Trustee or unsecured creditors' committee has been appointed, and the Debtor continues to operate as a debtor-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 362, 361 and 363. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. On or about November 10, 2004, the Debtor, by and through its President, Travis B. Anderson, executed a Promissory Note in favor of ECCU, in the principal amount of $2,140,000.00 (the "Note"). A true and correct copy of said Note is attached hereto as Exhibit "A."

4. Also on November 10, 2004, and in connection with the Note, the Debtor, by and through its President, Travis B. Anderson, executed a Business Loan Agreement (the "Loan Agreement"), in favor of ECCU. A true and correct copy of said Loan Agreement is attached hereto as Exhibit "B."

5. Also on November 10, 2004, and in connection with the Note and Loan Agreement, the Debtor, by and through its President, Travis B. Anderson, executed a Deed of Trust (the "Deed of Trust") in favor of ECCU, said Deed of Trust securing as collateral that certain real property located at 13080 Highway 49 North, Gulfport, Harrison County, Mississippi. A true and correct copy of said Deed of Trust is attached hereto as Exhibit "C."

6. ECCU is a duly perfected, first priority lien holder on said real property by virtue of the Deed of Trust being properly recorded on November 12, 2004 as Instrument No. 2004-19117-T-J1.

7. The Deed of Trust, Note and Business Loan Agreement each secure each other, and each is further secured by an Assignment of Rents ("Assignment of Rents"), executed by the Debtor on November 10, 2004. A true and correct copy of said Assignment of Rents is attached hereto as Exhibit "D."

8. The documents attached hereto as Exhibits "A," "B," "C," and "D," are incorporated herein by reference, and are hereinafter collectively referred to as the "Loan Documents."

9. The Debtor is in Default under the Loan Documents.

10. Debtor has not made a payment on its loan obligations since March 31, 2009.

11. The Debtor has made no post-petition payments to ECCU on the referenced loan obligations and, as of the Petition Date, the Debtor owes ECCU $ 2,185,714.42 on the referenced loan.

12. The Debtor continues to use the subject property to generate income without making any payments to ECCU.

13. The Debtor has failed to turn over, or even account for, any rental income from any of the subject properties - which rental income, under Mississippi Law, is subject to a perfected secured interest of ECCU, is effective post-petition under 11 U.S.C. § 552(b), and constitutes cash collateral of ECCU – which, under 11 U.S.C. § 363(c)(2), the Debtor is prohibited from using without either authorization from this Court after Notice and a hearing or consent of ECCU – neither of which has occurred to date.

14. The Debtor has not furnished ECCU with proof of current hazard insurance, flood insurance, and payment of all ad valorem taxes, as required under the loan documents.

15. An insurance policy apparently purchased by the Debtor in April 2009, does not list the ECCU as a lien holder or a loss payee, and provides replacement costs amounting to a mere fraction of i) the appraised value of the subject property, and; ii) ECCU's loan amount.

16. Despite the ECCU's repeated requests for disclosure of Debtor's financial information, and although same is required as per the loan documents, Debtor has not provided same.

17. As of the petition date, ECCU was owed approximately $ 2,185,714.42 from the Debtor, not including attorneys' fees and costs as warranted under the terms of the loan documents. Interest continues to accrue on the indebtedness, and ECCU continues to incur attorneys' fees and costs in connection with the Debtor's bankruptcy proceedings.

18. The value of this property has diminished significantly since the valuation of same at the time of the loans, and continues to diminish in value in the current economy.

19. Specifically, this property, which is comprised of four (4) different tracts of land – two of which have been improved with building structures - was appraised in May 2009 as follows:

   a. Tract 1; 0.88 acres with building:     $600,000.00

   b. Tract 2; 0.74 acres with building:     $750,000.00

   c. Tract 3; 1.45 acres unimproved:        $500,000.00

   d. Tract 4; 7.13 acres unimproved:        $1,025,000.00

   The total for the collective appraised parcels is $2,875,000.00. However, as the appraisal and market analysis provides, the value for the four components should not be estimated using a sum of the individual values without considering a bulk discount. Moreover, the appraised values do not consider the continued decline and deterioration of the economy and real estate market during the past five months.

20. The Debtor's schedules reflect an unsupported value of $4,000,000.00 for the subject property.

21. The Debtor has had the property listed for sale for $2,950,000.00 since prior to the petition date.

22. Debtor's schedules also allege two secured interests in the subject property, which secured interests purportedly total $2,918,046.28. Moreover, and despite the ECCU's repeated requests for disclosure and documentation regarding the alleged second lien holder on the subject property who, according to Debtor's schedules, is the Debtor's president - Dr. Travis Anderson - no such information or documentation has been provided.

23. Accordingly, the Debtor has no equity in this property, and ECCU submits that the aforementioned facts demonstrate i) Debtor's intention not to reorganize, and; ii) Debtor's inability to proffer a realistic, viable plan of reorganization.

24. The Debtor has not provided ECCU with Adequate Protection of its interests in the subject property, and cause exists under §§ 362, 362 and 363 of the Bankruptcy Code for the relief requested herein.

25. ECCU is entitled to relief from the Automatic Stay, as set forth in § 362, which relief may include terminating, modifying, annulling and/or conditioning the Automatic Stay, as well as abandonment of the subject property under § 554, so as to permit the ECCU to pursue is remedies as set forth in the subject loan documents.

26. Alternatively, the ECCU is entitled to Adequate Protection under §§ 361 and 363 which, at a minimum, would require that the Debtor bring all outstanding and overdue payments under the loan documents current immediately, make

all of its post petition payments under the loan documents on a regular basis, and furnish proof of satisfaction of appropriate insurance and all taxes.

**WHEREFORE PREMISES CONSIDERED**, ECCU respectfully requests that this Court enter an Order granting this motion and awarding to the ECCU the relief requested herein, and any other relief deemed appropriate under these circumstances.

Respectfully submitted,

>BUTLER, SNOW, O'MARA,
>    STEVENS & CANNADA, PLLC
>
>
>BY: */s/ Paul S. Murphy*
>Attorney for Evangelical Christian Credit Union

Paul S. Murphy, MSB #101396
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1300 – 25th Avenue, Suite 204
Gulfport, MS 39501
Telephone:  (228) 864-1170
Facsimile:  (228) 868-1531

paul.murphy@butlersnow.com

6

## CERTIFICATE OF SERVICE

I, Paul Murphy, of Butler, Snow, O'Mara, Stevens & Cannada, PLLC, as one of the attorneys for Evangelical Christian Credit Union, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Bankruptcy Court using the ECF filing system which sent notification of such filing to the parties, persons and/or entitles set forth on the Electronic Mail Notice List as of the date hereof, including the following:

R. Michael Bolen, United States Trustee : USTPRegion05.JA.ECF@usdoj.gov

William J. Little, Jr., Attorney for Debtor : littlewj@bellsouth.net

This the 29th day of September, 2009.

*/s/ Paul Murphy*
Paul Murphy MB# 101396